UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE CONTINENTAL INSURANCE
COMPANY *et al.*,

        Plaintiffs,

v.

PATRICK INDUSTRIES, INC.,

        Defendant.

CAUSE NO. 3:25cv631 DRL-SJF

## OPINION AND ORDER

Patrick Industries, Inc. settled a wrongful death lawsuit related to a semi-truck collision with a commercial structure in New Mexico. The Continental Insurance Company and Columbia Casualty Company (CNA Insurers), who both insured Patrick Industries, agreed to pay into the settlement but reserved the right to seek reimbursement if a court later found they had no duty to indemnify based on their insurance policies. They now sue for a declaratory judgment on that issue and for reimbursement, but Patrick Industries moves to dismiss or stay the case in deference to an action it filed first in the District of New Mexico. The court grants the motion in part and stays the case.

## BACKGROUND

The following facts are drawn from the complaint or are matters subject to judicial notice. The Continental Casualty Company (not a party to this lawsuit), the Continental Insurance Company, and the Columbia Casualty Company each issued insurance policies to Patrick Industries providing certain coverage from October 15, 2023 to October 15, 2024 [1 ¶ 8-12; 1-1 at 2-449]. Continental Casualty issued a primary business auto policy providing primary coverage

with a $2,000,000 policy limit [1 ¶ 10; 1-1 at 21]. Continental Insurance issued an umbrella policy with a $5,000,000 aggregate and per-incident limit that applied excess of the primary policy limit [1 ¶ 11; 1-1 at 365]. Columbia Casualty issued an excess policy that followed form to the umbrella policy (and another policy issued by non-party Great American E&S Insurance Company), with a $15,000,000 aggregate and per-incident limit that applied excess of $32,000,000 underlying insurance [1 ¶ 9, 12; 1-1 at 438].

The complaint alleges that the umbrella policy—to which the excess policy follows form—obliges the insurer to pay damages in excess of the retained amount on behalf of the insured because of bodily injury, property damage, or personal and advertising injury [1 ¶ 15]. But the policy contains two important exclusions. The first, called Endorsement 4, is argued to exclude liability arising out of the operations or products of Transport Indiana, LLC (d/b/a Indiana Transport) [*id.* ¶ 16-17]. The second, called Endorsement 21, is argued to exclude coverage for any actual or alleged damages resulting from the ownership, maintenance, or use of an automobile by Indiana Transport [*id.* ¶ 18-21].

On January 30, 2024, the surviving family members of Chad and Brad Gunter filed a wrongful death lawsuit in New Mexico against Patrick Industries (the defendant here), Patrick Transportation, LLC, Indiana Transport, Micky Walker, and the New Mexico Department of Transportation (NMDOT) [*id.* ¶ 22]. *See D. Maria Schmidt v. Transport Indiana LLC*, No. D-101-CV-202400237 (N.M. Dist. Ct. Santa Fe Cnty. Jan. 30, 2024). Based on an amended pleading, the "Gunter action" alleges that, on November 9, 2023, Mr. Walker was driving a semi-tractor that veered off Interstate 40 into a commercial structure, killing Chad and Brad Gunter who were inside [16-2 ¶ 76]. It says Mr. Walker was employed by Indiana Transport at the time and

2

operating under its authority [*id.* ¶ 27], and that Indiana Transport, Patrick Transportation, and Patrick Industries are related and integrated businesses [*id.* ¶ 20, 61-72]. It asserts four causes of action: negligent hiring, training, supervision, and retention against Indiana Transport, Patrick Transportation, and Patrick Industries; negligence and negligence *per se* against Mr. Walker and vicarious liability of the three trucking companies; and negligent maintenance of the interstate against NMDOT [*id.* ¶ 115-148].

The Gunter action was mediated between all parties on July 3, 2025, and various insurers were present, including the CNA Insurers on behalf of Patrick Industries [1 ¶ 30]. Negotiations continued, and a final settlement was reached on July 11, 2025 in which the CNA Insurers paid the limits of Patrick Industries' excess policy toward settlement but reserved the right to seek reimbursement if a court determined they had no duty to indemnify Patrick Industries [*id.* ¶ 31-32].

On July 14, 2025, Patrick Industries sued Continental Casualty, Continental Insurance, and Columbia Casualty in New Mexico state court. *See Patrick Indus., Inc. v. Cont'l Cas. Co.*, No. D-101-CV-202501794 (N.M. Dist. Ct. Santa Fe. Cnty. July 14, 2025). According to the first amended complaint filed there (amended August 4, 2025), Patrick Industries seeks a declaratory judgment that the insurers are obliged to cover its settlement payments in the Gunter action [16-3 ¶ 79-90]. Patrick Industries also brings contract, tort, and New Mexico state law claims against Continental Casualty and the CNA Insurers [*id.* ¶ 91-145]. The New Mexico action defendants removed to the United States District Court for the District of New Mexico. *See Patrick Indus., Inc. v. Cont'l Cas. Co.*, No. 1:25cv813 (D.N.M. Aug. 21, 2025).

On July 21, 2025, a week after Patrick Industries filed the New Mexico action, the CNA Insurers filed this Indiana action for a declaratory judgment that their policies bar coverage for the Gunter action, or, in the alternative, that the Gunter action settlement doesn't exhaust the underlying limits of the excess policy; and seeking reimbursement of their settlement contributions [1 ¶ 33-48]. Patrick Industries moved to dismiss or stay this action under the *Wilton/Brillhart* doctrine. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). This quickly turned more forcefully into argument about abstention once the New Mexico action pended in federal court rather than state court. Perhaps adding to the punch, on August 28, the New Mexico action defendants filed a counterclaim asserting effectively the same allegations and claims as those asserted here, as well as a motion to transfer the case to the Northern District of Indiana under 28 U.S.C. § 1404(a). From there, the parties wrapped briefing on this motion to dismiss or stay, so the court may now rule.

## STANDARD

A federal suit may be dismissed or stayed "for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citation and ellipsis omitted); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952); *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888-89 (7th Cir. 2012); *Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 444-45 (7th Cir. 2000). District courts have discretion to determine whether a suit is duplicative, typically so when the "claims, parties, and available relief do not significantly differ between the actions." *Serlin*, 3 F.3d at 223 (citation omitted). "When comity among tribunals justifies giving

4

priority to a particular suit," others should be stayed "unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests." *Cent. States*, 203 F.3d at 444 (citing *Deakins v. Monaghan*, 484 U.S. 193, 202-04 (1988); *Colo. River*, 424 U.S. at 817-20; *Kerotest*, 342 U.S. at 183-84; *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838-39 (7th Cir. 1999)).

In deciding the motion, the court considers the inconvenience of the forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums over the suit or property involved, *Colo. River*, 424 U.S. at 818, as well as "any special factors counseling for or against the exercise of jurisdiction," *Serlin*, 3 F.3d at 224 (citation omitted). "No one factor is necessarily determinative," and "[o]nly the clearest of justifications will warrant dismissal." *Colo. River*, 424 U.S. at 818-19. A district court's latitude to dismiss on this basis is "considerably . . . limited" and must be weighed against "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* at 817-18. As for whether to issue a stay, there is no mechanical rule. *Cent. States*, 203 F.3d at 444. It may or may not be appropriate based on which action was filed first, which is more comprehensive, or which is the superior vehicle for some other reason. *Id.*

## DISCUSSION

The parties trade blows over attributes of the two cases, some termed "special factors," *Serlin*, 3 F.3d at 224, but there are simple truths. There the court begins. The Indiana action is functionally duplicative. Save that the New Mexico action also includes Continental Casualty, the parties are the same. Patrick Industries, among its contract, tort, and state law claims, also asks for a declaratory judgment in the New Mexico action to clarify the CNA Insurers' coverage obligations. To the extent this may not cover the CNA Insurers' claims here one-by-one, the

insurers brought effectively identical counterclaims in the New Mexico action. Any party, claim, or relief sought here is also available there. Indeed, appreciating the crossclaims in the New Mexico action, and putting aside whether each such claim might someday survive, today the New Mexico action is the more comprehensive suit.

From these simple truths, the CNA Insurers argue against a stay or dismissal of this Indiana action because "special factors" favor this venue—namely the application of Indiana law to their dispute and the venue's convenience—and because a stay would increase their burden rather than simplify the issues. For instance, the CNA Insurers say dismissal would affect their interests because Indiana law applies and because a federal court sitting in Indiana is better situated to decide their dispute. They also argue an Indiana court is more convenient because of the locations of witnesses and parties. Patrick Industries disagrees, pressing that New Mexico law applies to their dispute (though offering little more than its say-so) and that the District of New Mexico is a favorable forum.

For certain reasons, the choice-of-law question merely underscores why this case should not be actively ongoing while the New Mexico action pends. For one, the insurers propose the court decide Indiana law applies, whereas Patrick Industries favors New Mexico law—an issue that likewise has been presented to Judge Kenneth Gonzales (or Magistrate Judge Laura Fashing) in New Mexico in deciding the transfer motion, and in such a way as to risk either inconsistent results or duplicative ruling. Suppose, for instance, two well-intended federal judges in different jurisdictions contemporaneously reach different conclusions on this question; the potential for inconsistent results demonstrates the very undesirability of having two federal cases pend on the

same questions. Suppose two federal judges reach the same result; even then there has been an undesirable loss of precious judicial resources.

For yet another reason, the insurers posit Indiana law merely on a choice-of-law analysis for contracts, but the disputes between the two sides exceed just contract claims to include tort claims. Those other claims, asserted by Patrick Industries, have not been presented here. So the insurers present a more myopic view of the choice-of-law issues here, whereas the New Mexico district court has the benefit of broader presentation and thinking. In the transfer context, "each court's relative familiarity with the relevant law" may be considered, *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 708 (7th Cir. 2020) (citation omitted), though federal courts are accustomed to applying the law of a state other than the state in which they sit, *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Tex.*, 571 U.S. 49, 67 (2013). The current uncertainty of this result in all its forms would disfavor a dismissal, but it undoubtedly favors a stay.

The insurers invite the court to wade into a similar issue of convenience—of parties and of witnesses. Patrick Industries adds to this mix the subject of damages, and the proximity of witnesses, evidence, and investigation efforts as part of the Gunter action. The insurers augment their position in reference to the perceived burden of litigation in various ways. These same questions undergird the motion to transfer under advisement in New Mexico. As the more comprehensive suit, that venue is superior to this one in assessing these issues in full, and without piecemeal interference from this court.

Though not a hard-and-fast rule, the New Mexico action was filed first. It is the more comprehensive action. There is no indication that it has stalled. There is no record of gamesmanship. The CNA Insurers have as much latitude to pursue their declaratory judgment

claims in New Mexico as they would here. *See Inforizons, Inc. v. VED Software Servs., Inc.*, 204 F.R.D. 116, 120 (N.D. Ill. 2001). This action is only at its budding stages, so there has been no significant investment yet in its resolution. To the extent the insurers worry about the burden on the parties or the federal courts, surely proceeding in only one suit is less taxing than two. In all, it is sensible to stay this case in the interest of wise judicial administration and defer to the first-filed, all-inclusive suit.

## CONCLUSION

For these reasons, the court GRANTS IN PART and DENIES IN PART the motion [11], STAYS the case, and ORDERS the parties to file a joint status report no later than 14 days after the federal district court's order in the New Mexico action resolving the motion to transfer. Any party may ask the court to lift the stay upon a proper motion.

SO ORDERED.

December 16, 2025                             *s/ Damon R. Leichty*
                                                                                  Judge, United States District Court